# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JOHN A. CORTESE | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | NO. 18-3437 |
| COMMISSIONER OF SOCIAL SECURITY | : | |

# MEMORANDUM

**KEARNEY, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　**September 11, 2019**

Following the Supreme Court's June 2018 decision in *Lucia v. Securities and Exchange Commission,* a citizen challenging the denial of disability benefits may challenge the lack of a constitutionally appointed Social Security Administrative Law Judge as well as challenging whether the denial of benefits is based upon substantial evidence. We today face both a constitutional challenge under *Lucia* and a lack of substantial evidence challenge. In April 2019, we analyzed the constitutional challenge in *Culclasure v. Commissioner of Social Security* and remanded to the Commissioner for a hearing before a properly appointed Administrative Law Judge. The Commissioner appealed our decision as well as others like ours. Our Court of Appeals is now considering consolidated appeals focusing on the Appointments Clause issues. Consistent with *Culclasure*, we today remand based on the lack of a properly appointed Administrative Law Judge. Unlike *Culclasure,* today's case also involves a challenge to the findings based on substantial evidence. The citizen today did not show the challenged decision lacks substantial evidence. So while we remand consistent with *Culclasure*, we will stay the remand until our Court of Appeals resolves the consolidated appeals on the Appointments Clause issues.

I.  **Background from the administrative record.**

Fifty-four year old John A. Cortese applied for Title II disability insurance benefits on March 31, 2015 and Title XVI supplemental security income on April 16, 2015.[1] Mr. Cortese alleged a disability onset of January 15, 2015 because of HIV, depression, a panic disorder, post-traumatic stress disorder, obsessive compulsive disorder, carpal tunnel syndrome, a lumbar spine impairment, and muscle spasms.[2] The Social Security Administration denied his claims on July 7, 2015.[3] At Mr. Cortese's request, Social Security Administrative Law Judge Vivian McAneney held a hearing on March 17, 2017 with Mr. Cortese, his counsel, and a vocational expert.[4] By March 17, 2017, the Commissioner had not ratified the appointments of Social Security Administration's administrative law judges, including Administrative Judge McAneney.[5] But Mr. Cortese did not challenge Administrative Judge McAneney's fitness to adjudicate his claim or to hold a hearing to inspect the merits.

At the March 2017 hearing, Mr. Cortese swore to his health conditions. Mr. Cortese swore doctors diagnosed him with HIV in January of 2013, which he believed "was a death sentence."[6] Mr. Cortese swore he "learned it wasn't [a death sentence and] learned that [he] could take medicine to keep it into remission."[7] He swore to actively taking medications during the day but reported the medications make him "very tired."[8] He swore to a previous suicide attempt and continuing severe depression and anxiety related to his diagnosis.[9] He swore lacking motivation because of the combination of his depression and anxiety from his HIV diagnosis and the side effects from medication.[10] He swore to pain in his left wrist exacerbated by a 2016 arrest, intermittent low back pain, and recent developing pain in his right wrist.[11] Mr. Cortese also submitted nearly 500 pages of medical records, including treatment for mental health and physical impairments from January 2014 through March 2017.[12]

2

On August 1, 2017, Administrative Judge McAneney denied Mr. Cortese's claim for disability insurance benefits and supplemental security income.[13] Administrative Judge McAneney found Mr. Cortese had several "severe impairments" — HIV, depressive and anxiety disorders, carpal tunnel syndrome and residuals of torn ligaments in the left wrist, and degenerative disc disease in the lumbar spine — but found he had the residual functional capacity to perform light work.[14]

Administrative Judge McAneney made specific findings as to each claimed medical condition after review of Mr. Cortese's extensive medical records. She did not find Mr. Cortese's statements "entirely consistent" with the record evidence.[15] Administrative Judge McAneney found Mr. Cortese's HIV is largely controlled with medication, and Mr. Cortese did not report significant side effects from his HIV medication to his mental health treatment providers.[16] Administrative Judge McAneney noted Mr. Cortese's depressive and anxiety disorders symptoms had improved since his initial HIV diagnosis and, with proper treatment, he could "overcome his motivation difficulties enough to sustain unskilled work with limited social interaction."[17] For the left wrist, Administrative Judge McAneney reviewed the relevant prior medical history and "limit[ed Mr. Cortese] to no use of his left hand."[18] For the degenerative disc disease, Administrative Judge McAneney found the "objective findings do not indicate the presence of a disabling back condition" but Mr. Cortese "occasionally demonstrated limited range of motion in his back on examination, so he is limited to only occasional bending and stooping."[19] Administrative Judge McAneney found Mr. Cortese's medical records did not support a finding of a right-hand impairment or symptoms of plantar fasciitis.[20] Administrative Judge McAneney found residual functional capacity with certain limitations to find Mr. Cortese could perform three jobs existing in significant numbers relying upon a vocational expert's testimony.[21]

3

Mr. Cortese requested the Social Security Administration's Appeals Council's review of Administrative Judge McAneney' s decision arguing she: (1) improperly relied on the vocational expert's testimony; and, (2) failed to provide a rationale for discrediting his subjective statements.[22] On June 11, 2018, the Appeals Council found no "basis for changing [Administrative Judge McAneney' s] decision" and instructed Mr. Cortese he could file a civil action within sixty-five days if he sought judicial review of Administrative Judge McAneney' s decision.[23]

Mr. Cortese *pro se* sought our judicial review of Administrative Judge McAneney's decision by timely filing a complaint.[24] Mr. Cortese again argued Administrative Judge McAneney "improperly relied upon the testimony" of the vocational expert.[25] Mr. Cortese then sought – and we granted – leave to hire counsel.[26]

On June 28, 2019, Mr. Cortese filed a counselled brief and statement of the issues.[27] In his counselled brief, Mr. Cortese, for the first time, argued the administrative proceedings must be remanded because the Social Security Administration resolved his case by an administrative law judge not properly appointed under the Constitution.[28] Mr. Cortese also argued substantial evidence did not support Administrative Judge McAneney's decision and she committed error.[29]

## II. Analysis.

Mr. Cortese challenges the Commissioner's denial of his disability claims on three grounds. Mr. Cortese first argues we must remand so his claim is heard by a constitutionally appointed administrative law judge under a June 21, 2018 Supreme Court decision, *Lucia v. Securities and Exchange Commission*,[30] because Administrative Judge McAneney heard his case without a proper constitutional appointment. Second, Mr. Cortese argues Administrative Judge McAneney's residual functional capacity finding of light work with limitations is not supported by substantial evidence because she failed to develop the record and obtain a functional assessment

4

of Mr. Cortese's physical limitations. Finally, Mr. Cortese argues Administrative Judge McAneney erred by rejecting his subjective statements through boilerplate language.

### A. We remand consistent with *Culclasure*.

Mr. Cortese relies on the Appointments Clause of Article II of the Constitution and our Supreme Court's interpretation of this Clause in *Lucia* to argue Administrative Judge McAneney – an "inferior Officer" – could not adjudicate his claim without proper constitutional appointment. Mr. Cortese argues remand to a constitutionally appointed officer is the only appropriate remedy. The Commission does not argue Administrative Judge McAneney adjudicated Mr. Cortese's claim after proper constitutional appointment. But the Commission argues Mr. Cortese fails *Lucia*'s mandate of a "timely challenge" to the constitutional validity of Administrative Judge McAneney's adjudication because he did not raise the Appointments Clause argument during the administrative process.

Five months ago, in *Culclasure v. Commissioner of Social Security*,[31] we extensively analyzed this same issue and held a social security claimant did not forfeit his right to challenge an Administrative Judge's appointment even when failing to raise the issue at the administrative level.[32] We remanded the case to the Commissioner for a hearing before another properly appointed administrative law judge.[33] We will not duplicate our reasoning here. But for the reasons stated in our *Culclasure* opinion, we remand for a hearing before a properly appointed administrative law judge.

### B. We deny Mr. Cortese's other challenges to Administrative Judge McAneney's decision.

Unlike the issues we faced in *Culclasure*, Mr. Cortese alternatively argues Administrative Judge McAneney's decision is not supported by substantial evidence in two respects. Given the present appeals before our Court of Appeals may find remand based on the Appointments Clause

5

is not required, we today address Mr. Cortese's alternative arguments. We find, absent remand based on the constitutional challenge, Mr. Cortese has not met his burden and we would deny his requested relief.

An administrative law judge applies a five-step sequential evaluation process to determine if a claimant has a disability. At step one, the claimant must prove she is not working at a "substantial gainful activity."[34] At step two, the claimant must prove she has a "severe impairment."[35] At step three, the ALJ must determine whether the claimant's impairment matches, or is equivalent to, one of the listed impairments.[36] If the claimant's impairment matches or equals a listing, he is presumed disabled.[37] If the impairment does not match or equal a listing, then at step four, the claimant must show he does not have the "residual functional capacity" to work.[38] At step five, the Social Security Administration must determine whether the claimant is capable of performing jobs existing in significant numbers in the national economy.[39]

When reviewing the Commissioner's final decision denying a claimant's application for benefits, we limit our review to whether the final decision-maker's findings are supported by substantial evidence in the record.[40] "We must affirm the ALJ so long as his conclusions are supported by substantial evidence."[41] Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[42] "It is 'more than a mere scintilla but may be somewhat less than preponderance of the evidence.'"[43] "We review the record as a whole to determine whether substantial evidence supports a factual finding."[44]

### 1. Substantial evidence supports Administrative Judge McAneney's residual functional capacity finding.

Mr. Cortese argues Administrative Judge McAneney's residual functional capacity finding is not supported by substantial evidence because there is no functional analysis or opinion in the

6

record evaluating his physical limitations. Mr. Cortese argues Administrative Judge McAneney only interpreted raw medical records and her "layperson's analysis of raw medical data" is insufficient to support a residual functional capacity finding. In response, the Commissioner argues the law does not require a functional assessment, and Administrative Judge McAneney's interpretation of Mr. Cortese's medical records is supported by substantial evidence. We agree with the Commissioner.

Social Security Administration regulations instruct us on an administrative law judge's proper residual functional capacity analysis. The regulations provide an administrative law judge will "assess [the claimant's] residual functional capacity based on all of the relevant medical and other evidence."[45] In general, the claimant is "responsible for providing the evidence [the administrative law judge] will use to make a finding" about residual functional capacity.[46] The administrative law judge must nevertheless ensure she has "develop[ed the claimant's] complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources."[47] The administrative law judge "will consider any statements about what [the claimant] can still do that have been provided by medical sources, whether or not they are based on formal medical examinations."[48] The administrative law judge is instructed to "consider descriptions and observations of [the claimant's] limitations from [the claimant's] impairment(s), including limitations that result from [the claimant's] symptoms, such as pain, provided by the claimant], [the claimant's] family, neighbors, friends, or other persons."[49]

In *Chandler v. Commissioner of Social Security*,[50] our Court of Appeals considered whether substantial evidence supported an administrative law judge's residual functional capacity findings. The claimant in *Chandler* filed for disability insurance benefits and supplemental

7

security income after suffering alleged reflexive sympathetic dystrophy from a fall. The claimant produced evidence supporting her disability claims, presenting "numerous medical records describing treatments and evaluations" including from a nurse practitioner who believed the claimant "was permanently disabled."[51] But a state agency medical consultant reviewed the claimant's medical records and concluded the claimant retained the ability to perform many basic functions. A year after this medical consultant's report, the administrative judge, relying heavily on the consultant's report, denied the claimant's claims. The claimant sought judicial review. Judge Muir rejected the administrative judge's decision because he found the state medical consultant's report not sufficiently up-to-date and, after discrediting this evidence, found: "there is no timely and relevant opinion by a medical expert which support[ed] the [residual functional capacity] determination."[52]

Our Court of Appeals considered whether Judge Muir improperly required medical expert evidence to support the residual functional capacity determination. Our Court of Appeals instructed: "The [administrative law judge]—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations."[53] Our Court of Appeals concluded the administrative law judge based her decision on substantial evidence when considering the state medical consultant's report and other evidence.

Our Court of Appeals also instructs: "[s]urveying the medical evidence to craft an RFC is part of the [administrative law judge]'s duties."[54] And, an administrative law judge is "not bound to accept the opinion or theory of any medical expert," but instead may "weigh the medical evidence and draw [her] own inferences."[55]

Administrative Judge McAneney's residual functional capacity analysis is supported by substantial evidence. She considered medical and mental health records and independently

8

reached an appropriate residual functional capacity decision based on the evidence. Our Court of Appeals in *Chandler* directs the administrative law judge, not a treating or examining physician, to determine residual functional capacity by looking to medical opinion.[56] This is exactly what Administrative Judge McAneney did. Mr. Cortese's attempt to describe Administrative Judge McAneney's decision as having no medical support is misguided. Administrative Judge McAneney reviewed each claimed impairment with specific cites to medical and mental health records and reached a reasoned decision based on the evidence.

To the extent Mr. Cortese argues Administrative Judge McAneney's decision is not based on substantial evidence because she failed to order a consultative functional examination, this argument also fails. "Under [Social Security Administration] regulations, an ALJ 'may decide to purchase a consultative examination' where 'there is an indication of a change in [claimant's] condition that is likely to affect [claimant's] ability to work.'"[57] Likewise, an administrative law judge may order a consultative examination if "additional evidence needed is not contained in the records of [the claimant's] medical sources."[58] The regulations explain, "[b]efore purchasing a consultative examination, [the administrative law judge] will consider not only existing medical reports, but also the disability interview form containing [the claimant's] allegations as well as other pertinent evidence in [the claimant's] file."[59] "[The administrative law judge] may purchase a consultative examination to try to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to allow [the Social Security Administration] to make a determination or decision on [a] claim."[60] "[W]hen there is not sufficient medical evidence in the record to determine whether the claimant is disabled, '[i]t is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for the ALJ to make an informed decision.'"[61]

9

Administrative Judge McAneney did not need to order a consultative examination. She reviewed nearly 500 pages of medical records. Mr. Cortese does not identify a need for additional evidence not contained in her medical records. There is no need for a functional physical review with such a robust record of medical and mental health records. As the Commissioner points out, it is Mr. Cortese's burden to prove his disability. Mr. Cortese submitted evidence, and Administrative Judge McAneney studied this evidence and issued a reasoned decision. We reject Mr. Cortese's claim her decision is not based on substantial evidence.

### 2. Substantial evidence supports Administrative Judge McAneney's consideration of Mr. Cortese's subjective statements.

Mr. Cortese argues Administrative Judge McAneney did not actually weigh his subjective statements about his impairments because, according to him, she only addressed his subjective statements in boilerplate language. The Commissioner concedes Administrative Judge McAneney included this boilerplate language but argues her analysis, when taken as a whole, clearly considered Mr. Cortese's subjective statements. We agree with the Commissioner.

The Social Security Administration regulations explain the administrative law judge: "will consider [the claimant's] statements about the intensity, persistence, and limiting effects" of symptoms and "will evaluate [the claimant's] statements in relation to the objective medical evidence and other evidence, in reaching a conclusion as to whether [the claimant is] disabled." The administrative law judge will "consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between [the claimant's] statements and the rest of the evidence . . . ."[62] In short, the regulations require the administrative law judge to consider subjective statements in concert with other evidence.

This is exactly what Administrative Judge McAneney did here. In agreed boilerplate language, Administrative Judge McAneney wrote Mr. Cortese's "statements concerning the

10

intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for reasons explained in the decision."[63] But after this boilerplate language, Administrative Judge McAneney looked to each alleged impairment. Within each of her analyses, she considered Mr. Cortese's testimony but found medical and mental health record evidence more persuasive. Social Security Administration regulations only direct Administrative Judge McAneney to consider subjective statements. She is not required to accept subjective statements as conclusive. She considered these statements. She did not find them persuasive. We deny Mr. Cortese's claim.

## III. Conclusion.

We remand to allow Mr. Cortese's claim to be heard by a constitutionally appointed administrative law judge under our reasoning in *Culclasure*. We deny Mr. Cortese's other challenges. But should our Court of Appeals find the district court erred in *Bizarre v. Berryhill*, No. 19-1773 (3d Cir.) and *Cirko v. Berryhill*, No. 19-1772 (3d Cir.) and thus possibly alter our analysis in *Culclasure* regarding the Appointments Clause, we find Administrative Judge McAneney's decision is supported by substantial evidence and would be upheld but for the constitutional defect. In the accompanying Order, we grant Mr. Cortese's claim in part and remand to the Commissioner but stay further progress before the Commissioner until a ruling from our Court of Appeals in the consolidated appeals in *Bizarre v. Berryhill*, No. 19-1773 (3d Cir.) and *Cirko v. Berryhill*, No. 19-1772 (3d Cir.).

---

[1] Administrative Record ("R."), ECF Doc. No. 13, at 1-9.

[2] R. at 181-87, 257-58.

[3] R. at 101, 113, 117, 122.

11

[4] R. at 30.

[5] Soc. Sec. Emergency Message-18003 REV 2, Effective Date: Aug. 6, 2018: https://secure.ssa.gov./apps10/reference.nsf/links/08062018021025PM.

[6] R at 43.

[7] *Id.*

[8] *Id.*

[9] R. at 42-44.

[10] R. at 42-49.

[11] R. at 37-50.

[12] R at 309-791.

[13] R. at 1-6.

[14] R. at 17-23.

[15] R at 21.

[16] *Id.*

[17] R. at 22.

[18] R. at 21. Administrative Judge McAneney found Mr. Cortese "suffered an exacerbation of his left wrist impairment due to a traumatic injury in September of 2016." R. at 18.

[19] R. at 21.

[20] R. at 24.

[21] *Id.* The vocational expert swore Mr. Cortese could work as: (1) an optical lens matcher, (2) sorter; and, (3) bakery products inspector.

[22] R. at 306-07.

[23] R at 1-4.

[24] ECF Doc. No. 2.

[25] *Id.* at 7 of 29.

[26] ECF Doc. No. 23.

[27] ECF Doc. No. 30.

[28] *Id.*

[29] *Id.*

[30] --- U.S. ---, 138 S. Ct. 2044, 201 L. Ed. 2d 464 (2018).

[31] 375 F.Supp.3d 559 (E.D.Pa. 2019).

[32] *Id.* at 574.

[33] Our Court of Appeals will consider this Appointments Clause issue in a consolidated appeal of two cases we partially relied upon in *Culclasure*: *Bizarre v. Berryhill*, No. 19-1773 (3d Cir.); *Cirko v. Berryhill*, No. 19-1772 (3d Cir.). *See* Clerk Order, *Bizarre v. Berryhill*, No. 19-1773 (3d Cir. May 15, 2019); *Cirko v. Berryhill*, No. 19-1772 (3d Cir. May 15, 2019).

[34] *Ramirez v. Barnhart*, 372 F.3d 546, 550 (3d Cir. 2004).

[35] *Id.*

[36] *Id.*

[37] *Burnett v. Commissioner of Social Security Administration*, 220 F.3d 112, 119 (3d Cir. 2000).

[38] *Ramirez*, 372 F.3d at 550.

[39] *Id.*

[40] *See* 42 U.S.C. § 405(g); 42 U.S.C. § 1383(c)(3); *Johnson v. Commissioner of Social Security*, 529 F.3d 198, 200 (3d Cir. 2008).

[41] *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (quoting 42 U.S.C. § 405(g)).

[42] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

[43] *Zirnsak*, 777 F.3d at 610 (quoting *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005)).

[44] *Zirnsak*, 777 F.3d at 610 (quoting *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999)).

[45] 20 C.F.R. § 404.1545 (3).

[46] *Id.*

[47] *Id.*

[48] *Id.*

[49] *Id.*

[50] 667 F.3d 356 (3d. Cir. 2011)

[51] *Id.* at 359.

[52] *Id.*

[53] *See* 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c).

[54] *Titterington v. Barnhart*, 174 Fed.Appx. 6, 11 (3d Cir. 2006).

[55] *See Kertesz v. Crescent Hills Coal Co.*, 788 F.2d 158, 163 (3d Cir. 1986); *see also Chandler v. Commissioner of Social Security*, 667 F.3d 356, 361 (3d Cir. 2011).

[56] *See Northington v. Berryhill*, No. 17-2922, 2018 WL 2159923, at *1 n.1 (E.D. Pa. May 10, 2018).

[57] *Rosa v. Colvin*, 956 F. Supp. 2d 617, 622 (E.D. Pa. 2013) (quoting 20 C.F.R. § 404.1519a).

[58] 20 C.F.R. § 404.1519a(b)(1).

[59] 20 C.F.R. § 404.1519a(a).

[60] 20 C.F.R. § 404.1519a(b).

[61] *Allen v. Astrue*, No. 06-018, 2007 WL 1276933, at *3 (E.D. Pa. May 1, 2007).

[62] 20 C.F.R. § 404.1529(c).

[63] R. at 21.