**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN A. CORTESE** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 18-3437 |
| | : | |
| **COMMISSIONER OF SOCIAL** | : | |
| **SECURITY** | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                          **May 27, 2020**

      Social Security claimant John A. Cortese persuaded us to remand the Commissioner's order denying him benefits because the Commissioner and the President did not properly appoint the administrative law judge who decided his case as required by the Appointments Clause. We remanded based on strong policy arguments opposed by the Commissioner who cited a string of cases supporting his theory Mr. Cortese waived his constitutional challenge by not raising it before the administrative law judge. Mr. Cortese faced a difficult argument. But he succeeded on his Appointments Clause challenge. He now seeks his attorney's fees as a prevailing party under the Equal Access to Justice Act. Under the Act, the standard is not whether he won before us; the standard is whether the Commissioner's arguments opposing remand lacked substantial justification. The Commissioner amply met his burden of showing substantial justification. Before remanding, we analyzed substantial caselaw supporting the Commissioner's arguments from around the country and in our District. We elected to follow the sound reasoning of a couple of our colleagues and order remand. Our Court of Appeals later affirmed the same sound reasoning we adopted in this case. Losing a close call on a disputed issue of law does not mean the Commissioner lacked substantial justification for his position and is not the basis for a fee award to a claimant under the Act. We deny Mr. Cortese's motion for reasonable fees.

**I.     Background**

John A. Cortese applied for Title II disability insurance benefits and supplemental security income.[1] The Social Security Administration denied his claims.[2] At Mr. Cortese's request, Social Security Administrative Law Judge Vivian McAneney held a hearing on March 17, 2017 with Mr. Cortese, his counsel, and a vocational expert.[3] By March 17, 2017, the Commissioner had not ratified the appointments of Social Security Administration's administrative law judges, including Administrative Judge McAneney.[4] Mr. Cortese did not challenge Administrative Judge McAneney's fitness to adjudicate his claim or to hold a hearing.

After hearing evidence during the March 2017 hearing, Administrative Judge McAneney denied Mr. Cortese's claim for disability insurance benefits and supplemental security income in an August 1, 2017 decision.[5] Mr. Cortese requested the Social Security Administration's Appeals Council's review of Administrative Judge McAneney's decision arguing she: (1) improperly relied on the vocational expert's testimony; and, (2) failed to provide a rationale for discrediting his subjective statements.[6] He did not challenge Administrative Judge McAneney's constitutional fitness to adjudicate his claim. On June 11, 2018, the Appeals Council found no "basis for changing [Administrative Judge McAneney's] decision" and instructed Mr. Cortese he could file a civil action within sixty-five days if he sought judicial review of Administrative Judge McAneney's decision.[7]

Ten days after the Appeals Council's decision, the Supreme Court decided *Lucia v. Securities and Exchange Commission*.[8] In *Lucia*, the Securities and Exchange Commission charged Raymond Lucia for violating securities laws and assigned the case to Administrative Judge Cameron Elliot.[9] Administrative Judge Elliot issued fact findings and decided Mr. Lucia's conduct violated securities laws.[10] Mr. Lucia appealed Administrative Judge Elliot's decision to

the Securities and Exchange Commission and argued the entire administrative proceeding was invalid because Judge Elliot had not been constitutionally appointed.[11] The Commission rejected this argument, and the parties disputed this issue until ripe for the Supreme Court's review. The Court held administrative law judges working for the Securities and Exchange Commission, including Administrative Judge Elliot, are "inferior officers" who must be appointed consistent with the Appointments Clause of the United States Constitution.[12] And because Mr. Lucia made a "timely challenge to the constitutional validity" of Administrative Judge Elliot's appointment, the Court concluded Mr. Lucia must be awarded a new hearing before a new, constitutionally appointed administrative law judge.[13]

Within weeks of the Court's *Lucia* decision, the President issued a July 10, 2018 Executive Order excepting all administrative law judges appointed under 5 U.S.C. § 3105[14] from competitive service selection procedures.[15] The Executive Order noted the "expanding responsibility for important agency adjudications, and as recognized by the Supreme Court in *Lucia*, at least some and perhaps all administrative law judges are 'Officers of the United States' and thus subject to the Constitution's Appointments Clause, which governs who may appoint such officials."[16]

In August 2018, Mr. Cortese *pro se* sought our judicial review of Administrative Judge McAneney's decision.[17] Mr. Cortese again argued Administrative Judge McAneney "improperly relied upon the testimony" of the vocational expert.[18] Mr. Cortese then sought – and we granted – leave to hire counsel.[19]

While we allowed Mr. Cortese an opportunity to locate counsel, another claimant raised an issue before us in *Culclasure v. Commissioner of Social Security* percolating in *Lucia*'s aftermath: if a claimant for benefits from the Social Security Administration must contest the constitutional appointment status of the deciding administrative judge—"an Appointments Clause challenge"—

during administrative proceedings to argue for reversal on this basis in federal court? We concluded a claimant does not need to raise an Appointments Clause challenge during the administrative proceedings to lodge a challenge on this basis in federal court.[20] But there was no consensus on this question at the time. Other colleagues thoughtfully analyzed the same issues and concluded a claimant must raise the Appointments Clause challenge at the administrative level or the claimant waives the ability to raise this issue in federal court.[21] The Commissioner appealed unfavorable rulings, including our *Culclasure* decision, to our Court of Appeals.[22]

While this question of exhausting an Appointments Clause challenge in the Social Security Administration context remained pending before our Court of Appeals, Mr. Cortese filed a counselled brief and statement of the issues on June 28, 2019.[23] In his counselled brief, Mr. Cortese's new lawyer argued we must remand for a new hearing before a new, constitutionally appointed administrative law judge because the Social Security Administration resolved his case by an administrative law judge not properly appointed under the Constitution.[24] Mr. Cortese also argued substantial evidence did not support Administrative Judge McAneney's decision and she committed error.[25] The Commissioner responded arguing Mr. Cortese waived his argument under the Appointments Clause when he failed to raise this argument at the administrative level and substantial evidence supported Administrative Judge McAneney's decision.[26] The Commissioner sought a stay until our Court of Appeals resolved appeals relating to the question of exhaustion of an Appointments Clause challenge in the Social Security Administration context.[27]

We did not find good cause for a stay.[28] On September 11, 2019, we remanded consistent with our earlier decision in *Culclasure*, reasoning Mr. Cortese did not waive his Appointments Clause challenge by failing to raise the issue at the administrative level and the Commissioner must provide him a new hearing before a new, constitutionally appointed administrative law

judge.[29]  But we denied Mr. Cortese's other substantive challenges to Administrative Judge McAneney's decision.[30]

On January 23, 2020, our Court of Appeals in *Cirko v. Commissioner of Social Security* held "exhaustion of Appointments Clause claims is not required in the [Social Security Administration] context."[31]  Our Court of Appeals affirmed the proper remedy for an Appointments Clause violation is a new hearing before a new, constitutionally appointed administrative law judge.[32]  After this decision, we remanded Mr. Cortese's case to the Social Security Administration for further proceedings.[33]

## II.  Analysis

Mr. Cortese's counsel now moves for his reasonable attorney's fees having successfully persuaded us to remand for a new hearing.  He partially succeeded before us on his Appointments Clause challenge.  But our standard is different in cases against the United States than it may be in civil rights cases.  Congress, by enacting the Equal Access to Justice Act, allows us to award fees to a "prevailing party" unless we "find[] that the position of the United States was substantially justified or that special circumstances make an award unjust."[34]  Prevailing party Mr. Cortese now moves for reasonable fees under this Act.  The Commissioner opposes Mr. Cortese's motion arguing he possessed a substantial justification for arguing Mr. Cortese waived his Appointments Clause challenge.[35]  We agree with the Commissioner.

The Commissioner must establish how his position was substantially justified.[36]  The term "substantially justified" does not mean "justified to a high degree," "but rather 'justified in substance or in the main,' that is, justified to a degree that could satisfy a reasonable person."[37]  To prove his position could satisfy a reasonable person, the Commissioner must demonstrate: "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it

propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced."[38]

We must apply this three-part test. The Commissioner argues he meets his burden because: (1) Mr. Cortese did not raise his Appointments Clause challenge during administrative proceedings; (2) many courts had concluded Social Security Administration claimants must raise an Appointments Clause challenge during administrative proceedings; and (3) because Mr. Cortese did not raise an Appointments Clause challenge during his administrative proceedings, he argued Mr. Cortese waived or failed to exhaust an Appointments Clause argument. Mr. Cortese does not appear to contest the first or third factors. We also independently conclude the Commissioner presents a reasonable basis in truth for his alleged facts and a reasonable connection between the alleged facts and his legal theory.

Today's dispute appears to turn on the second element: whether the Commissioner had a reasonable basis in law for claiming Mr. Cortese waived or failed to exhaust his Appointments Clause challenge. The Commissioner defends the reasonableness of his asserted theory two ways. First, he points to the many courts accepting his position at the time he asserted this legal theory.[39] And second, though he acknowledges our Court of Appeals later disagreed with his legal theory in *Cirko*, the Commissioner maintains our Court of Appeals appreciated in the *Cirko* decision this Appointments Clause issue to be an unsettled area of the law without clear binding precedent before its ruling.

We agree with the Commissioner. This is not a case where the Commissioner relied on a legal theory contrary to the existing law. For instance, this case bears little resemblance to *Johnson v. Gonzales* where our Court of Appeals determined an asylum applicant could recover attorney's

6

fees because the United States continued to rely on a Supreme Court decision even after certain evidence came to light making its reliance unreasonable.[40]

The Commissioner's legal defense is also distinguishable from a recent decision awarding fees to a claimant issued by our colleague, the Honorable Berle M. Schiller, in *Roberts v. Berryhill*.[41] In *Roberts*, the Commissioner defended his Administration's initial denial of widower's insurance benefits by arguing the Administration was not bound by an Orphans' Court order recognizing the claimant's same-sex marriage. The Commissioner took this position even though the Social Security Act directed the Administration to extend widower's insurance benefits to a widow if "the courts of the state" would find a "valid marriage."[42] The Commissioner argued the law allowed him to dispute the evidence relied on by the Orphans' Court judge in deciding the validity of the claimant's marriage. Judge Schiller, in deciding to award fees, explained the Commissioner's theory lacked support in Pennsylvania law and ran directly contrary to the language of the Social Security Act.[43]

In *Healey v. Leavitt*, a class of elderly and disabled Medicare beneficiaries facing the reduction of home health care services provided by home health agencies sued the Commissioner of the Department of Health and Human Services.[44] The beneficiaries sought declaratory and injunctive relief seeking to require the Commissioner to compel the home health agencies to provide greater procedural protections to the beneficiaries before reducing or terminating home health services. The beneficiaries argued the home health agencies' notice practices violated the Medicare Act because the agencies failed to provide advanced written notice of termination, specific reasons for termination, or an explanation of how a beneficiary could demand coverage. The Commissioner did not respond by arguing the home health care agencies complied with the Medicare Act but instead argued the home health agencies were not operating as state actors and

therefore did not need to comply with the Medicare Act. The Honorable Dominic J. Squarito entered judgment for the beneficiaries on this issue, accepting Magistrate Judge Thomas P. Smith's reasoning as to why the home health agencies were subject to the Medicare Act's notice requirements. The beneficiaries then moved for fees. The Commissioner did not argue a substantial justification for asserting home health agencies were excused from the Medicare Act's notice requirements. Judge Squarito awarded fees to the beneficiaries, concluding the Commissioner "failed to offer any justification for the Secretary's failure to require [home health agencies] to provide written notice of the termination of benefits prior to the onset of this litigation."[45]

We contrast *Johnson*, *Roberts* and *Healy—*all cases where the United States failed to offer valid precedential support or a reasonable statutory interpretation supporting its defense—to *McLaughlin v. Hagel* where the Secretary of the Department of Defense offered a reasonable legal justification for his defense.[46] In *McLaughlin*, servicemembers challenged the constitutionality of applying the Defense of Marriage Act to same-sex military spouses under Section 3 of the Act. Eight months before the servicemembers filed their challenge, President Obama "determined that classifications based on sexual orientation were subject to a heightened standard of scrutiny that [the Defense of Marriage Act] could not meet with respect to legally married, same-sex couples."[47] President Obama "ordered the Department of Justice to cease its legal defense of equal protection challenges [but] . . . in deference to Congress, the President instructed the Executive Branch to continue to enforce Section 3 pending its possible repeal by Congress or a definitive verdict from the judicial branch."[48]

The Honorable Richard G. Stearns stayed the servicemembers' lawsuit awaiting the Court of Appeals for the First Circuit's review of similar challenges to Section 3. Judge Stearns continued

8

the stay until the Supreme Court decided *United States v. Windsor* where it held Section 3 of the Defense of Marriage Act is unconstitutional under the Equal Protection Clause.[49] Following *Windsor*, the Secretary agreed judgment should be entered in favor of the servicemembers but disputed the servicemembers' ability to recover attorney's fees. Judge Stearns agreed with the Secretary. He looked to *Windsor* where the Supreme Court observed President Obama's decision to allow Congress or the Supreme Court to determine the vitality of the law despite personal doubts demonstrated respect of separation-of-powers principles. Judge Stearns explained the Court's *Windsor* decision did not discredit the Secretary's defense solely because the Supreme Court determined the Act's unconstitutionality after the servicemembers brought the lawsuit.

Today's issue is more akin to *McLaughlin* than *Johnson*, *Roberts* or *Healy*. As our colleague, the Honorable Wendy Beetlestone, remarked on this same Appointments Clause issue earlier this month in *Holmes v. Berryhill*: "Numerous district courts around the country, including courts within this district had previously agreed with the Commissioner's position that Appointments Clause challenges are subject to exhaustion requirements."[50] The support for the Commissioner's position revealed courts reaching different but both well-reasoned decisions about exhaustion requirements in the Social Security context. Unlike *Johnson*, the Commissioner reasonably relied on this precedent throughout this proceeding. Like *McLaughlin*, the Commissioner cites valid and legitimate legal explanations for pursuing his defense. And unlike *Roberts* or *Healy*, the Commissioner does not offer a novel but flawed reading or defense of a federal statute or regulation. He offered reasonable arguments supporting his position supported by caselaw.

As Judge Beetlestone explained in *Holmes*, the Commissioner's position does not become unreasonable solely because our Court of Appeals later adopted the alternative reasoning.[51] Our

9

Court of Appeals' decision in *Cirko* confirms this question required parsing through lessons from persuasive precedent to reach a well-reasoned decision.[52] Reasonable minds, after study, did and could reach different conclusions. The Commissioner demonstrated substantial justification for his position opposing Mr. Cortese's remand arguments.

### III. Conclusion

The Commissioner meets his burden of proving a substantial justification for arguing Mr. Cortese could not recover for an Appointments Clause challenge after failing to raise the issue at the administrative level. Because Congress precludes us from awarding fees when the Commissioner meets his burden of demonstrating a substantial justification based on conflicting caselaw in an unsettled area at the time of the Commissioner's arguments before us, we must deny Mr. Cortese's request for fees.

---

[1] Administrative Record ("R."), ECF Doc. No. 13, at 1-9.

[2] R. at 101, 113, 117, 122.

[3] R. at 30.

[4] Soc. Sec. Emergency Message-18003 REV 2, Effective Date: Aug. 6, 2018: https://secure.ssa.gov./apps10/reference.nsf/links/08062018021025PM.

[5] R. at 1-6.

[6] R. at 306-07.

[7] R at 1-4.

[8] 138 S. Ct. 2044 (2018).

[9] *Id.* at 2049-50.

[10] *Id.* at 2050.

[11] *Id.*

[12] *Id.* at 2053-55.

[13] *Id.*

[14] Section 3105 provides: "Each agency shall appoint as many administrative law judges as are necessary for proceedings required to be conducted in accordance with section 556 and 557 of this Title. Administrative law judges shall be assigned to cases in rotation so far as practicable, and may not perform duties inconsistent with their duties and responsibilities as administrative law judges."

[15] Exec. Order No. 13,843, 83 Fed. Reg. 32,755 (July 10, 2018).

[16] *Id.*

[17] ECF Doc. No. 2.

[18] *Id.* at p. 7.

[19] ECF Doc. No. 23.

[20] *Culclasure v. Comm'r of Social Sec.*, 375 F. Supp.3d 559, 570-72 (E.D. Pa. 2019). We also concluded, even if exhaustion did apply, we would excuse Mr. Culclasure's failure to exhaust because his administrative proceedings concluded before the Supreme Court's decision in *Lucia*. *Id.* at 572-73.

[21] *See, e.g.*, *Cox v. Berryhill*, No. 16-5434, 2018 WL 7585561 (E.D. Pa. Dec. 18, 2018) (concluding claimant waived Appointments Clause objection by failing to raise issue at the administrative level) (citing *Garrison v. Berryhill*, No. 17-302, 2018 WL 4924554, at *2 (W.D.N.C. Oct. 10, 2018)*; Salmeron v. Berryhill*, No. 17-3927, 2018 WL 4998107, at *3 n. 5 (C.D. Cal. Oct. 15, 2018)*; Davidson v. Comm'r of Soc. Sec.*, No. 16-102, 2018 WL 4680327, at *2 (M.D. Tenn. Sept. 28, 2018); *Stearns v. Berryhill*, No. 17-2031, 2018 WL 4380984, at *4–5 (N.D. Iowa Sept. 14, 2018)).

[22] *Culclasure v. Comm'r of Social Sec.,* No. 18-1543, ECF Doc. No. 24.

[23] ECF Doc. No. 30.

[24] *Id.*

[25] *Id.*

[26] ECF Doc. No. 31.

[27] ECF Doc. No. 34.

[28] ECF Doc. No. 35.

[29] ECF Doc. No. 36 at p. 5.

[30] *Id.* at pp. 6-11.

[31] 948 F.3d 148, 153 (3d Cir. 2020).

[32] *Id.* at 154-55.

[33] ECF Doc. No. 39.

[34] 28 U.S.C. § 2412 (d)(1)(A).

[35] The Commissioner also argues there are no grounds to award fees on Mr. Cortese's substantive challenges to Administrative Judge McAneny's decision based on our finding Judge McAneney's decision was based on substantial evidence. We agree.

[36] *Stokes v. Bowen*, 811 F.2d 814, 816 (3d Cir. 1987).

[37] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

[38] *Morgan v. Perry*, 142 F.3d 670, 684 (3d Cir. 1998).

[39] *See* ECF Doc. No. 42 at p. 6, n.1 (citing cases where courts concluded Appointments Clause argument must be exhausted in the Social Security Administration context).

[40] *Johnson v. Gonzales*, 416 F.3d 205, 211 (3d Cir. 2005) ("Once the Government knew that Johnson had credibly testified that he feared persecution at least in part on account of an imputed political opinion, its continued reliance on *Elias–Zacarias* to argue that the IJ erred in granting Johnson relief was no longer reasonable.").

[41] *See Roberts v. Berryhill*, 310 F.Supp.3d 529 (E.D. Pa. 2018).

[42] *Id.* at 535.

[43] *Id.* at 536.

[44] *Healey v. Leavitt*, 485 F.3d 63 (2d Cir. 2007).

[45] *Id.* at 67.

[46] *McLaughlin v. Hagel*, 987 F. Supp. 2d 132 (D. Mass. 2013), *aff'd*, 767 F.3d 113 (1st Cir. 2014).

[47] *Id.* at 133.

[48] *Id.*

[49] *Id.* at 134 (citing *United States v. Windsor*, 570 U.S. 744 (2013)).

---

[50] *Holmes v. Berryhill*, No. 19-784, 2020 WL 2126787, at *2 (E.D. Pa. May 5, 2020) (citing *Muhammad v. Berryhill*, 381 F. Supp.3d 462, 469-70 (E.D. Pa. 2019); *Marchant on behalf of A.A.H. v. Berryhill*, No. 18-0345, 2019 WL 2268982, at *4 (E.D. Pa. May 28, 2019); *Sprouse v. Berryhill*, 363 F. Supp.3d 543, 550 (D.N.J. 2019)). The Commissioner presented his arguments *contra* Mr. Cortese several months before the issues addressed before Judge Beetlestone in *Holmes*. While the issue remained disputed at the time of *Holmes,* there were at least several reasoned opinions on both sides of the issue. By contrast, at the time the Commissioner opposed Mr. Cortese's request, there was not as much precedent supporting Mr. Cortese in this Circuit outside of *Cirko* and opinions from Judge Rice, Judge Lloret, and our decision in *Culclasure*. Several of our colleagues reached reasoned conclusions upholding the Commissioner's position at the time we reviewed *Culclasure* and Mr. Cortese's claim.

[51] *Holmes*, 2020 WL 2126787, at *3 (citing *Scarborough v. Principi*, 541 U.S. 401, 414 (2004)).

[52] *See, e.g.*, *Cirko*, 948 F.3d at 155 ("And while *Sims* does not dictate the answer, its lessons loom large.").