# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN A. CORTESE** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 18-3437 |
| | : | |
| **COMMISSIONER OF SOCIAL** | : | |
| **SECURITY** | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                           **June 29, 2020**

Repeating the same argument we found unpersuasive two weeks ago when we denied a fee request in his client Michael Culclasure's successful appeal of the denial of social security benefits, the same attorney now asks us to reconsider our June 9, 2020 denial of another client's fee request after his successful appeal in this case. He argues a point he did not make in his May 4 or May 26, 2020 briefs in support of these fees in this case even though he made the argument in Mr. Culclasure's case before us. In both cases, we found the United States' opposition to remand based on the Commissioner's view of the constitutionality of administrative law judges to be substantially justified and declined to award fees under the Equal Access to Justice Act. The attorney knew of or should have known this argument before he moved for fees last month in this case. He knew two weeks ago we are unpersuaded by the same argument before he moved for reconsideration last week. He offers no new facts or intervening change in law. We find no basis to reconsider our extensive analysis as a matter of procedure. We also find no basis to reconsider based on the challenge to the Commissioner's substantial justification of his position during the administrative process. As we held in Mr. Culclasure's case two weeks ago, the Commissioner's position during both the administrative process and in federal court was substantially justified. Mr. Cortese's lawyer hopes we change our mind from two weeks ago. We decline to do so.

**I.    Background**[1]

John A. Cortese applied for Title II disability insurance benefits and supplemental security income.[2]  Administrative Law Judge Vivian McAneney held a March 2017 hearing and denied Mr. Cortese's claim for benefits.  Mr. Cortese appealed Administrative Judge McAneney's decision to the Social Security Administration's Appeals Council, who affirmed on June 11, 2018.[3]  Mr. Cortese did not challenge Administrative Judge McAneney's constitutional fitness to adjudicate his claim during the administrative proceedings.

Ten days after the Appeals Council's decision, the Supreme Court decided *Lucia v. Securities and Exchange Commission*.[4]  In *Lucia*, the Securities and Exchange Commission charged Raymond Lucia for violating securities laws and assigned the case to Administrative Judge Cameron Elliot.[5]  Administrative Judge Elliot issued fact findings and decided Mr. Lucia's conduct violated securities laws.[6]  Mr. Lucia appealed Administrative Judge Elliot's decision to the Securities and Exchange Commission and argued the entire administrative proceeding was invalid because Judge Elliot had not been constitutionally appointed.[7]  The Commission rejected this argument, and the parties disputed this issue until ripe for the Supreme Court's review.  The Court held administrative law judges working for the Securities and Exchange Commission, including Administrative Judge Elliot, are inferior officers who must be appointed consistent with the Appointments Clause of the United States Constitution.[8]  And because Mr. Lucia made a "timely challenge to the constitutional validity" of Administrative Judge Elliot's appointment, the Court concluded Mr. Lucia must be awarded a new hearing before a different, constitutionally appointed administrative law judge.[9]

Within weeks of the Court's *Lucia* decision, the President issued a July 10, 2018 Executive Order excepting all administrative law judges appointed under 5 U.S.C. § 3105[10] from competitive

service selection procedures.[11] The Executive Order noted the "expanding responsibility for important agency adjudications, and as recognized by the Supreme Court in *Lucia*, at least some and perhaps all administrative law judges are 'Officers of the United States' and thus subject to the Constitution's Appointments Clause, which governs who may appoint such officials."[12]  The Acting Social Security Commissioner then "reappointed the agency's administrative judges, including both the [administrative law judges] and the Administrative Appeals Judges of the [Administration's] Appeals Council, under her own authority."[13]

After Mr. Cortese asked for federal court review of Social Security's determination but before he filed a counselled brief of the issues arguing for a remand, another claimant raised an issue before us in *Culclasure v. Commissioner of Social Security* percolating in *Lucia*'s aftermath: must a claimant for benefits from the Social Security Administration contest the constitutional appointment status of the deciding administrative judge—"an Appointments Clause challenge"— during administrative proceedings to argue for reversal on this basis in federal court?  We concluded a claimant does not need to raise an Appointments Clause challenge during the administrative proceedings to lodge a challenge on this basis in federal court.[14]  But there was no consensus on this question at the time.  Other colleagues thoughtfully analyzed the same issues and concluded a claimant must raise the Appointments Clause challenge at the administrative level or the claimant waives the ability to raise this issue in federal court.[15]  The Commissioner appealed unfavorable rulings, including our *Culclasure* decision, to our Court of Appeals.[16]

While this question of exhausting an Appointments Clause challenge in the Social Security Administration context remained pending before our Court of Appeals, Mr. Cortese filed a counselled brief and statement of the issues on June 28, 2019.[17]  In his counselled brief, Mr. Cortese's new lawyer argued we must remand for a new hearing before a new, constitutionally

3

appointed administrative law judge because the Social Security Administration resolved his case by an administrative law judge not properly appointed under the Constitution.[18]  Mr. Cortese also argued substantial evidence did not support Administrative Judge McAneney's decision and she committed error.[19]  The Commissioner responded arguing Mr. Cortese waived his argument under the Appointments Clause when he failed to raise this argument at the administrative level and substantial evidence supported Administrative Judge McAneney's decision.[20]  The Commissioner sought a stay until our Court of Appeals resolved appeals relating to the question of exhaustion of an Appointments Clause challenge in the Social Security Administration context.[21]

We did not find good cause for a stay.[22]  On September 11, 2019, we remanded consistent with our earlier decision in *Culclasure*, reasoning Mr. Cortese did not forfeit his Appointments Clause challenge by failing to raise the issue at the administrative level and the Commissioner must provide him a new hearing before a new, constitutionally appointed administrative law judge.[23]  But we denied Mr. Cortese's other substantive challenges to Administrative Judge McAneney's decision.[24]

On January 23, 2020, our Court of Appeals in *Cirko v. Commissioner of Social Security* held "exhaustion of Appointments Clause claims is not required in the [Social Security Administration] context."[25]  Our Court of Appeals affirmed the proper remedy for an Appointments Clause violation is a new hearing before a new, constitutionally appointed administrative law judge.[26]  After this decision, we remanded Mr. Cortese's case to the Social Security Administration for further proceedings.[27]

Mr. Cortese then moved for attorney's fees under the Equal Access to Justice Act.[28]  The Equal Access to Justice Act enables us to award attorney's fees to a prevailing party unless we find "that the position of the United States was substantially justified[.]"[29] Mr. Cortese argued we

4

should award attorney's fees because the Commissioner's "continued defense of his [exhaustion] position in this District was not substantially justified."[30] We disagreed, explaining in a May 27, 2020 Memorandum: "Losing a close call on a disputed issue of law does not mean the Commissioner lacked substantial justification for his position and is not the basis for a fee award to a claimant under the Act."[31]

**II.   Analysis**

Mr. Cortese now asks us to reconsider our May 27, 2020 Order denying him fees under Federal Rule of Civil Procedure 59(e) "seek[ing] relief in this case because it is necessary to correct a clear error of law and to prevent manifest injustice."[32] He does not challenge the reasoning in our May 27, 2020 Memorandum but instead argues a point he did not raise earlier in this case: the Commissioner's "pre-litigation position was not substantially justified" because he "fail[ed] to provide a constitutionally appointed [administrative law judge] to hear [Mr. Cortese's] case which required him to retain an attorney and file this civil action [to] obtain relief."[33]

The scope of a motion for reconsideration under Rule 59(e) "is extremely limited."[34] Motions for reconsideration are not a vehicle for a "second bite at the apple"[35] or to "ask the Court to rethink what [it] had already thought through—rightly or wrongly."[36] The party seeking reconsideration must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[37] "A Rule 59(e) motion may not be used to relitigate the same matters already determined by the court, and may not be used to raise arguments or present evidence that could reasonably have been raised before the entry of judgment."[38]

**A.     Mr. Cortese's belated arguments are not a basis to reconsider.**

Mr. Cortese moves for reconsideration under Rule 59(e) arguing the Commissioner lacked a substantial justification for his position at the administrative level. When Mr. Cortese moved for attorney's fees last month, he did not raise this argument. He solely challenged the Commissioner's legal justification for arguments raised in this District. Mr. Cortese does not explain why he did not raise this argument in earlier briefing. He certainly would have known of this argument. He does not explain how we committed a clear error of law based on the arguments presented to us. He instead changes his argument and wants us to reconsider.

Because Mr. Cortese failed to raise this argument in his earlier briefing and does not attempt to explain why he is raising the issue now even though he knew of the argument when he first moved for fees, we find no grounds to reconsider when counsel later thinks of another position which could have been argued before our challenged ruling. There is no new evidence, intervening change in law, or manifest injustice.

**B.     We deny reconsideration on the merits.**

To address counsel's manifest injustice argument even though he did not raise this issue earlier, we will evaluate his new argument focusing on the Commissioner's lack of substantial justification during the administrative process long before our Court of Appeals' January 23, 2020 *Cirko* holding. We rejected Mr. Cortese's same argument when raised by the same counsel earlier this month in *Culclasure* and find no reason to change our mind today.[39] We deny reconsideration on the merits in addition to finding the motion procedurally baseless.

As we noted in *Culclasure*, the timeline of events is important. In Mr. Culclasure's case, the administrative proceedings concluded before the Supreme Court decided *Lucia*. The same is true for Mr. Cortese. Mr. Cortese filed for benefits in 2015. He received a hearing before

6

Administrative Judge McAneney in March 2017. Administrative Judge McAneney denied Mr. Cortese's benefit request. Mr. Cortese appealed this decision to the Appeals Council who denied Mr. Cortese's appeal on June 11, 2018. Mr. Cortese never raised the Appointments Clause issue to Administrative Judge McAneney or to the Appeals Council. Ten days after the Commissioner resolved Mr. Cortese's claim, the Supreme Court decided *Lucia*—holding administrative law judges in the Securities and Exchange Commission are inferior officers who must be appointed consistent with the Appointments Clause. This holding also carried consequences for administrative law judges in the Social Security Administration.

The Commissioner acted consistent with "settled law" as the administrative proceedings occurred before *Lucia*.[40] Before *Lucia*, the constitutional appointment status of Social Security administrative law judges had not been declared.[41] While we expect the Commissioner respond to a claimant's constitutional concerns when raised and to conform to "settled law" consistent with his oath to defend the Constitution, we do not expect nor require the Commissioner to predict how administrative law judges will interpret the Constitution in conducting administrative proceedings among varied interpretations. The Commissioner acted reasonably at the administrative level and he did before us months later.[42] We cannot award fees to Mr. Cortese on this ground raised for the first time on reconsideration and still not warranting an award of fees.[43]

### III. Conclusion

We deny Mr. Cortese's Motion for reconsideration.

---

[1] We briefly recount the background, which we detailed in our May 27 Memorandum denying Mr. Cortese fees under the Equal Access to Justice Act. ECF Doc. No. 44; *Cortese v. Comm'r of Soc. Sec.*, No. 18-3437, 2020 WL 2745741, at *1-3 (E.D. Pa. May 27, 2020).

[2] Administrative Record, ECF Doc. No. 13, at pp. 1-9.

---

[3] ECF Doc. No. 2, at p. 2.

[4] 138 S. Ct. 2044 (2018).

[5] *Id.* at 2049-50.

[6] *Id.* at 2050.

[7] *Id.*

[8] *Id.* at 2053-55.

[9] *Id.*

[10] Section 3105 provides: "Each agency shall appoint as many administrative law judges as are necessary for proceedings required to be conducted in accordance with section 556 and 557 of this Title. Administrative law judges shall be assigned to cases in rotation so far as practicable and may not perform duties inconsistent with their duties and responsibilities as administrative law judges."

[11] Exec. Order No. 13,843; 83 Fed. Reg. 32,755 (July 10, 2018).

[12] *Id.*

[13] *Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148, 152 (3d Cir. 2020).

[14] *Culclasure v. Comm'r of Social Sec.*, 375 F. Supp.3d 559, 570-72 (E.D. Pa. 2019). We also concluded, even if exhaustion did apply, we would excuse Mr. Culclasure's failure to exhaust because his administrative proceedings concluded before the Supreme Court's decision in *Lucia*. *Id.* at 572-73.

[15] *See, e.g.*, *Cox v. Berryhill*, No. 16-5434, 2018 WL 7585561 (E.D. Pa. Dec. 18, 2018) (concluding claimant waived Appointments Clause objection by failing to raise issue at the administrative level) (citing *Garrison v. Berryhill*, No. 17-302, 2018 WL 4924554, at *2 (W.D.N.C. Oct. 10, 2018)*; Salmeron v. Berryhill*, No. 17-3927, 2018 WL 4998107, at *3 n.5 (C.D. Cal. Oct. 15, 2018)*; Davidson v. Comm'r of Soc. Sec.*, No. 16-102, 2018 WL 4680327, at *2 (M.D. Tenn. Sept. 28, 2018); *Stearns v. Berryhill*, No. 17-2031, 2018 WL 4380984, at *4-5 (N.D. Iowa Sept. 14, 2018)).

[16] *Culclasure v. Comm'r of Social Sec.,* No. 18-1543, ECF Doc. No. 24.

[17] ECF Doc. No. 30.

[18] *Id.*

[19] *Id.*

[20] ECF Doc. No. 31.

---

[21] ECF Doc. No. 34.

[22] ECF Doc. No. 35.

[23] ECF Doc. No. 36, at p. 5.

[24] *Id.* at pp. 6-11.

[25] 948 F.3d 148, 153 (3d Cir. 2020).

[26] *Id.* at 154-55.

[27] ECF Doc. No. 39.

[28] 28 U.S.C. § 2412.

[29] *Id.*

[30] ECF Doc. No. 43, at p. 2.

[31] ECF Doc. No. 44, at p. 1; *Cortese*, 2020 WL 2745741, at *1.

[32] ECF Doc. No. 47-1, at p. 1.

[33] *Id.*

[34] *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011).

[35] *Bhatnagar v. Surrendra Overseas Ltd.,* 52 F.3d 1220, 1231 (3d Cir. 1995).

[36] *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (alteration in original).

[37] *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

[38] *Devon IT, Inc. v. IBM Corp.*, No. 10-2899, 2013 WL 6721748 (E.D. Pa. Dec. 20, 2013) (citing *Anlytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52-53 (2d Cir. 2012)).

[39] *Culclasure v. Comm'r of Soc. Sec. Admin.*, No. 18-1543, 2020 WL 3172860, at *5 (E.D. Pa. June 15, 2020).  Mr. Cortese's lawyer made this same argument in a June 4, 2020 reply in *Culclasure.*  On June 15, 2020, we addressed his argument at length finding the United States' position in *Culclasure* to be substantially justified in the administrative process as well as in this District.  The same lawyer then turned around and moved for reconsideration (albeit with another lawyer joining him this time) on June 23, 2020 knowing we already ruled against him on this argument.  We appreciate preserving issues for appeal but, even with adding experienced social security co-counsel, we find no basis to change our mind as to Mr. Cortese or our view as detailed two weeks ago in denying the same argument in *Culclasure.*

---

[40] *Vacchio v. Ashcroft*, 404 F.3d 663, 675 (2d Cir. 2005).

[41] In framing the correct question in our review, we agree with Judge Hey and her "focus . . . on the propriety of the [administrative law judge's] appointment, which was the basis for [the] remand." *Marant v. Saul*, No. 18-4832, 2020 WL 3402416, at *4 (E.D. Pa. June 19, 2020). As Judge Hey explained "[t]he law on the Appointments Clause before *Lucia* was neither clear nor settled." *Id.* Judge Hey looked to Justice Sotomayor's dissent in *Lucia*, where the Justice explained: "[t]he Court today and scholars acknowledge that this Court's Appointments Clause jurisprudence offers little guidance on who qualifies as an 'Officer of the United States.' ... This confusion can undermine the reliability and finality of proceedings and result in wasted resources." *Id.* (quoting *Lucia*, 138 S. Ct. at 2064-65) (Sotomayor, J., dissenting). The "legal uncertainty as to whether appointments of Social Security [administrative law judge's fell] under the Appointments Clause," *id.*, is supported by the procedural history of *Lucia* itself—the Supreme Court did not even consider the merits of the issue until the Court of Appeals for the District of Columbia originally sided with the Securities and Exchange Commission, then granted rehearing *en banc*, before denying the petition "by an equally divided court." *Lucia v. Sec. & Exch. Comm'n*, 868 F.3d 1021 (D.C. Cir. 2017) (subsequent procedural history omitted). We also agree with the contrast Judge Hey draws between this issue and "other situations where courts have found that a pre-litigation position based on an interpretation of the law was not substantially justified." *Marant*, 2020 WL 3402416, at *4.

[42] *See Lebron-Torres v. Comm'r of Social Sec.*, No. 18-1212, 2020 WL 3488424, at *3 (E.D. Pa. June 26, 2020) ("Prior to *Lucia*, the status of Social Security [administrative law judges] had not been declared, such that at the time the [administrative law judge] heard Lebron-Torres's claim, the Commissioner's position—*i.e.*, proceeding through the administrative process without *sua sponte* raising the Appointments Clause issue—was substantially justified.") (citations omitted).

[43] While not cited by Mr. Cortese, two of our colleagues recently awarded fees to claimants who also successfully argued for remand on this same Appointments Clause challenge. In *Armstrong v. Saul*, Judge Wells awarded fees to Mr. Armstrong after concluding the Commissioner's pre-litigation position was not substantially justified because the Commissioner: (1) did not rely on a "well-established" requirement; and, (2) failed to render a position at the administrative stage. *Armstrong v. Saul*, --- F. Supp. 3d ---, 2020 WL 3057801, at *2-3 (E.D. Pa. June 9, 2020). We note, while seemingly not conclusive in Judge Wells' decision, the administrative proceedings in *Armstrong* did not conclude before the Court's *Lucia* decision. In *Byrd v. Saul*, Judge Lloret relied upon *Sims v. Apfel*, 530 U.S. 103 (2000) as setting clear law twenty years ago and *Cirko* only confirming it applied in this context which supported his finding the Commissioner lacked a substantial justification for arguments raised in federal court. *Byrd v. Saul*, --- F. Supp. 3d ---, 2020 WL 3469031, at *1-3 (E.D. Pa. June 25, 2020). We agreed with extending *Sims* in this context but several of our colleagues disagreed. The issues presented in the precedential *Cirko* opinion earlier this year did not appear to be so easily governed by *Sims*, at least not when considering compelling, but ultimately unsuccessful, arguments raised by the Commissioner supporting a claimant's forfeiture of an Appointments Clause challenge. We respectfully disagree with Judges Wells and Lloret given the substantial and well-reasoned opinions on both sides of this contested question. *Diaz v. Saul*, No. 18-5075, 2020 WL 3127941, at *2 (E.D. Pa. June 12, 2020) (looking to "timely challenge" language of *Lucia* and noting "whether the claimant waives the

---

Appointments Clause claim by failing to exhaust it at the administrative level was an unsettled question at the time the Commissioner filed his response in this case.").